In re the Petition for DISCIPLINARY ACTION AGAINST A. Demetrius CLEMONS, an Attorney at Law of the State of Minnesota.

No. C8–91–937.

Supreme Court of Minnesota.

July 12, 1991.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent, A. Demetrius Clemons, has committed professional misconduct warranting public discipline. In the petition, the Director alleges three separate counts. In count one, the Director alleges that a client retained re-

spondent to represent him in a criminal matter and paid respondent a $10,000 retainer fee; that respondent failed to put the retainer fee in a trust account; that, instead, respondent spent the retainer fee on business expenses; that respondent failed to appear in court on behalf of the client and failed to communicate with the client; and that when the client discharged respondent and requested a refund of the unused portion of his retainer, respondent was able to refund only $100. In count two, the Director alleges that a client retained respondent to initiate a civil lawsuit on her behalf; that, initially, respondent pursued the client's matter but, thereafter, failed to take any substantive action on the case; that respondent transferred the client's case to another attorney without the client's permission; that the other attorney also failed to take action on the case; that, when the client learned that no action had been taken on her case, respondent agreed to personally pay the client the amount of damages she was seeking; and that, despite the agreement, respondent did not pay the client the amount he had agreed to pay until after the client filed an ethics complaint against him. In count three, the Director alleges that the misconduct described in counts one and two constitutes a pattern of misconduct.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, A. Demetrius Clemons, hereby is publicly reprimanded and placed on supervised probation for a period of 2 years commencing immediately, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent's probation shall be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor respondent's compliance with the terms of this probation. Respondent has agreed to provide the Director with the names of up to four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent, on the first day of each month, shall provide the Director with an inventory of active client files such as is described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in the supervisor's efforts to monitor respondent's compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to his supervisor an inventory of all active client

files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports at least quarterly, or at such more frequent intervals as the Director reasonably may request.

e. Respondent shall initiate and maintain office procedures which ensure that respondent promptly responds to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Opinion No. 9. By the first day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor. Such books and records shall also be made available to the Director upon request.

g. Respondent shall enter into a written repayment plan with complainant Larry C. Smith. Respondent shall provide a copy of the written repayment plan to the Director's Office and to respondent's supervisor. If the payment plan calls for monthly payments by respondent, then respondent shall provide proof of each monthly payment to his supervisor. Respondent shall complete repayment of this obligation before he is removed from probation.

3. That the respondent shall pay to the Director the sum of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.